**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| **In re:** | |
| **EXQUISITE QUARTERS, LLC,** | **Case No. 24-11633-LSS** |
| **Debtor.** | **Chapter 11** |

**MOTION TO CONVERT CASE TO CHAPTER 7 OR,**
**IN THE ALTERNATIVE, TO DISMISS CASE**

Gerard R. Vetter, the Acting United States Trustee for Region 4 ("United States Trustee"), by counsel, hereby moves to convert this case to a liquidation under Chapter 7 of the United States Bankruptcy Code or, in the alternative, to dismiss the case. As shown in more detail below, the case should be dismissed or converted because the Debtor has failed to file the monthly operating reports for February and March 2024, and the Debtor owes $250 in quarterly fees. In further support of this Motion, the United States Trustee states as follows:

1.      Exquisite Quarters, LLC, the Debtor, filed a petition for relief under Chapter 11 of the Bankruptcy Code on February 28, 2024. The Debtor has remained in possession of the estate's assets and continues to manage its financial affairs. 11 U.S.C. §§ 1107, 1108. No unsecured creditors' committee has been appointed.

2.      This Motion is filed pursuant to 28 U.S.C. §§ 157, 586, and 1334; and 11 U.S.C. § 307. The applicable statutes and rules supporting this Motion are 11 U.S.C. 1112(b) and Fed. R. Bankr. P. 2015.

3.      Section 1112 of the Bankruptcy Code governs conversion or dismissal of Chapter 11 cases. Section 1112(b)(1) provides in relevant part:

> on request of a party in interest, and after notice and a hearing, . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b)(1).  Once a movant has established cause, the Court must exercise its discretion to determine which action – conversion or dismissal – best suits the circumstances of the case.  *Rollex Corp. v. Associated Materials, Inc. (In re Superior Siding & Window, Inc.*), 14 F.3d 240, 242 (4th Cir. 1994); *see also In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010) (After cause is established, the "court must dismiss the case or convert the case . . . or appoint a Chapter 11 Trustee," whichever course of action is in the best interest of creditors and the estate). *Accord In re Landmark Atl. Hess Farm, LLC*, 448 B.R. 707, 711 (Bankr. D. Md. 2011).

     5.     In determining which remedy, conversion or dismissal, is in the best interests of creditors and the bankruptcy estate, the Court should consider the following factors:

> (1) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion than dismissal; (2) whether there would be a loss of rights granted in the case if it were dismissed rather than converted; (3) whether the debtor would simply file a further case upon dismissal; (4) the ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors; (5) in assessing the interests of the estate, whether conversion or dismissal would maximize the estate's value as an economic enterprise; (6) whether any remaining issues would be better resolved outside the bankruptcy forum; (7) whether the estate consists of a 'single asset'; (8) whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests; (9) whether a plan had been confirmed and whether any property remains in the estate to be administered; and (10) whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*Lakefront Investors, LLC v. Clarkson*, 484 B.R. 72, 83 (D. Md. 2012) (quoting 7 COLLIER ON BANKRUPTCY [SECTION] 1112.04[7]).

2

6.      Section 1112(b)(4) contains an illustrative, non-exclusive list of what constitutes cause to dismiss or convert a case to Chapter 7.  *See In re Sydnor*, 431 B.R. 584, 590 (Bankr. D. Md. 2010).  Additionally, a bankruptcy court has wide discretion to determine whether cause exists to dismiss or convert a case.  *In re Products Int. Co.,* 395 B.R. 101, 109 (Bankr. D. Ariz. 2008); *In re Tornheim*, 181 B.R. 161, 163 (Bankr. S.D.N.Y. 1995) (factors in Section 1112(b) are not exhaustive, and bankruptcy court has wide discretion to determine if cause to convert exists).

7.      Pursuant to Section 1112(b) of the Bankruptcy Code, the Court shall enter an order converting a Chapter 11 case to a liquidation proceeding under Chapter 7 or dismissing it for "cause."  *See* 11 U.S.C. § 1112(b)(1).

5.      Cause includes, among other things, unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter, 11 U.S.C. § 1112(b)(4)(F).

6.      There is cause to dismiss this case because of the failure to file monthly operating reports.  At the initial interview with the United States Trustee, the Debtor was provided with a copy of the Office of the United States Trustee's Chapter 11 Guidelines for the District of Maryland ("Guidelines").  These Guidelines expressly state that a debtor-in-possession needs to file monthly operating reports with the Court for each month after a petition is filed until a plan is confirmed or the case is dismissed or converted.  Furthermore, the Guidelines state that if a debtor-in-possession fails to comply with these requirements, the United States Trustee may file a motion to convert or dismiss on that basis.  At the initial debtor interview and again at the Section 341 meeting, the United States Trustee advised the Debtor and counsel that the Debtor

must file timely monthly operating reports.  Moreover, 11 U.S.C. §§ 1107(a), 1106(a)(1), and 704(a)(8) require that the Debtor file with the Court and the United States Trustee "periodic reports and summaries of the operation" of the Debtor's business, "including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires".  11 U.S.C. § 704(a)(8).

7.      Monthly operating reports are critical to the transparency of information at the heart of an effective and efficient bankruptcy system; they are the primary means through which creditors, the Court, the Office of the United States Trustee, and all parties in interest can monitor the Debtor's post-petition operations and finances.  *See In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995).  The failure to file monthly operating reports undermines the Chapter 11 process.  *Id.*  "Timely and accurate financial disclosure is the lifeblood of the Chapter 11 process.  Monthly operating reports are much more than busy work imposed upon a Chapter 11 Debtor for no reason other than to require it to do something.  They are the means by which creditors can monitor a debtor's post-petition operations.*" In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).  A debtor's filing of several delinquent monthly operating reports just prior to the hearing on the motion to dismiss or convert does not automatically cure the default.  *See In re Landmark Atl. Hess Farm, LLC,* 448 B.R. 707, 716 (Bankr. D. Md. 2011) (holding that the debtor's filing of its monthly operating reports two days before the hearing on the motion to dismiss "does not satisfactorily explain or excuse [the debtor's] failure to satisfy its duties as a chapter 11 debtor").

8.      The Debtor is delinquent in filing the monthly operating reports for February (which is only for two days the Petition Date is February 28) and March 2024.

9.      The United States Trustee has requested that the Debtor file the delinquent monthly operating reports, but to no avail.

10.     There is also cause to convert or dismiss the case under 11 U.S.C. § 1112(b)(4)(K) for failure to pay quarterly fees.  Currently, the Debtor owes $250 in quarterly fees.

11.     Pursuant to Local Bankruptcy Rule 9013-2, the United States Trustee relies solely upon the present Motion, and no additional memorandum of fact or law will be filed.

12.     Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to final judgments orders in this matter by a bankruptcy judge.

WHEREFORE, in consideration of the foregoing, the United States Trustee respectfully requests that the Court enter an Order converting this case to Chapter 7 or, in the alternative, to Dismiss Case, and granting such other and further relief as the Court deems just and proper.

Dated: April 24, 2024                          GERARD R. VETTER
                                               Acting United States Trustee for Region 4

                                               By Counsel:


                                               *By: /s/ Lynn A. Kohen*
                                               Lynn A. Kohen, Bar No. 10025
                                               Trial Attorney
                                               Office of United States Trustee
                                               6305 Ivy Lane, Suite 600
                                               Greenbelt, MD 20770
                                               (301) 344-6216
                                               *Lynn.a.kohen@usdoj.gov*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 24th day of April 2024, a copy of the Motion to Convert Case to Chapter 7 or, in the Alternative, to Dismiss Case was served electronically by the Court's CM/ECF system on the following:

Linda A. Dorney  ldorney@rosenblattlaw.com

And by first-class mail, postage prepaid, to:

**Exquisite Quarters, LLC**
20631 Highland Hall Drive
Montgomery Village, MD 20886

And to the highlighted parties on the attached mailing matrix.


*/s/ Lynn A. Kohen*
Lynn A. Kohen